## STOLTZ, Estate of, In re.

Probate Court, Miami County.

No. 38964.   Decided May 2, 1957.

584

Shipman & Shipman, Troy, for complainant.
Baird Broomhall, Troy, for Dora A. Hance.

## OPINION

By FAUST, J.

This cause came on to be heard upon the complaint filed by Franklin L. Shipman, Executor of the Estate of Lucy M. Stoltz, deceased, wherein he alleges that he has good cause to suspect and does verily believe that Dora A. Hance has concealed and conveyed away monies belonging to said estate of the deceased, in fraud of the rights of the said Franklin L. Shipman, as Executor, and others interested in said estate. Complainant alleges further that Lucy M. Stoltz owned a running stock account in The Peoples Building and Savings Association of Troy, Ohio, in the total amount of $16,552.15, said account numbered 35525.

That this account had belonged to said decedent for many years and was her own property.

That on June 15, 1956, said Lucy M. Stoltz placed her mother's name thereon as a joint owner without consideration. That on July 29, 1956, shortly before the death of said decedent, said Dora A. Hance, mother of said decedent, withdrew from said account the sum of $12,-000.00 and on August 3, 1956, six days before the death of said decedent, said Dora A. Hance withdrew the balance of said account in the amount of $4,552.15.

Complainant alleges further that he believes that said withdrawals were made in contemplation of death and without authority of said decedent, and that said monies belong to said estate of said decedent and should be returned to said estate.

That the Court issue a writ of citation against Dora A. Hance requiring her to appear before the Court forthwith, then and there to be examined under oath, touching the matters set forth in said complaint.

A copy of the Contract and marked complainant's exhibit No. 1 is as follows:

The Peoples Building and Savings
Association
of Troy, Ohio
* * *    * * *

JOINT AND SURVIVOR CONTRACT
The undersigned, joint owners of
RUNNING STOCK—PAID UP STOCK

No. 35525 in THE PEOPLES BUILDING & SAVINGS ASSOCIATION of Troy, Ohio, hereby agree that the money, or any part thereof, deposited to our credit on said stock shall at all times be payable to the order of any one or more of the undersigned joint owners or depositors, and further agree that said deposit shall continue to be so payable, notwithstanding the death or incapacity of any one or more of us, and

we hereby authorize said Association to permit withdrawals in accordance with this agreement.

For the purpose of carrying this into effect, each of the signers hereby transfers to the other or others, a present equal undivided interest in this account, and all additions thereto, for our respective lives.

We further agree that no recovery shall be had against said Association by any of the undersigned for any sums of money paid out to any of us and charged on or against said stock account.

Dated this 15 day of June, 1956.

Executed in the
Presence of

Lucy Stoltz

Casstown, O. R. R.

Dora A. Hance

The Court upon reviewing the evidence, pleadings and briefs of counsel finds that all facts pertaining to the joint and survivorship savings account and withdrawals by the said Dora A. Hance are true and admitted as such.

At the conclusion of the testimony offered by complainant and again at the conclusion of the testimony of Dora A. Hance, her attorney moved that the complaint be dismissed; the Court deferred ruling on the motions and which will be given consideration at this time.

The complainant has brought before the Court a very interesting question pertaining to §10506-67 et seq, GC, §2109.50 R. C., wherein he seeks the aid of the statute in order to recover for the estate certain assets which he believes have been concealed and conveyed away from him as a fiduciary and which rightfully are assets of the estate of Lucy M. Stoltz, deceased.

Judge Matthias in his decision **In Re Estate of Leiby v. Cosgrove, 157 Oh St 380,** makes the following statement:

This court has construed the above statutory provisions and determined the scope of the inquiry which may be pursued thereunder. The earliest of those cases is **Goodrich, Admr., v. Anderson, 136 Oh St 509,** 26 N. E. (2d), 1016, paragraph one of the syllabus of which is as follows:

"The purpose of §§10506-67 to 10506-77, inclusive, GC, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for the purpose of administration."

In the case of **In re Estate of Black, 145 Oh St 405, 62 N. E. (2d), 90,** this Court held as follows in the syllabus:

"1. Secs. 10506-67 and 10506-73 GC, provide a summary means, inquisitorial in nature, to recover specific property or the proceeds or value thereof belonging to a trust estate, title to which was in a decedent at his death or in a ward when his guardian was appointed; or to recover

property, belonging to a trust estate, concealed, taken or disposed of after the appointment of the fiduciary.

"2. A complaint filed under §10506-67 GC, involves a charge of wrongful or criminal conduct on the part of the person accused."

"5. Resort may not be had to §10506-67 et seq, GC, to collect a debt, obtain an accounting or adjudicate rights under a contract." (Emphasis supplied.)

"The General Assembly, by its appropriate use of language in these sections, has limited the use of this summary proceeding to actions to recover specific property or the value thereof belonging to a trust estate, title to which was in a decedent at his death, or to the recovery of property belonging to a trust estate concealed, taken or disposed of after the appointment of a fiduciary."

The evidence reveals that Dora A. Hance who entered into the contract with Lucy M. Stoltz with incident of joint and survivorship terms relative to a savings account in The Peoples Building and Loan Association, Troy, Ohio, a short time after the death of her daughter, Lucy M. Stoltz, consulted her attorney and informed him of the contract and withdrawals; that her attorney thereafter advised Mr. Franklin L. Shipman, executor of the estate of Lucy M. Stoltz, concerning the savings account and the withdrawals.

The evidence further shows that the person charged, at all times, after the death of Lucy M. Stoltz, openly and notoriously admitted the withdrawals prior to the death under claim of right of contract and that she still has the withdrawn monies from the building and loan account intact, in her own name, less the expenditures for Lucy M. Stoltz.

Complainant, although acknowledging the contract with joint and survivorship incident, alleges that the contract was entered into solely for the purpose of paying the debts of the daughter, Lucy M. Stoltz, and it was not the intention of the decedent that her mother, Dora A. Hance, should have the remaining money as her own after her death, but to be distributed in the estate as last will and testament of decedent directed.

The Court, although taking cognizance of the fact that the probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute, nevertheless must take notice that In re Estate of Black, 145 Oh St 405 and In re Estate of Leiby, 157 Oh St 374, "that resort may not be had to §10506-67 et seq, GC, to collect a debt, obtain an accounting or adjudicate rights under a contract."

The Court in considering §10506-67 et seq, GC, §2109.50 R. C., in view of the majority opinion in the above cited cases, finds that it is without jurisdiction to adjudicate rights under the contract.

From review of all the testimony the court cannot presently find evidence in the case before us to justify the finding that Dora A. Hance concealed and conveyed away monies belonging to the estate of Lucy M. Stoltz, deceased.

Motion to dismiss complaint will be sustained. An entry may be prepared by counsel accordingly saving exceptions thereto.